UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CAROL A. DORNEY, ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 03-84-P-H |
| ) | |
| ) | Civil No. 06-41-P-H |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Carol Dorney was sentenced by this Court on January 26, 2004, in criminal case 03-84-P-H to thirty-six months incarceration and one-year of supervised release on two narcotic possession charges to which she pled guilty. This sentence was imposed to run consecutively to her sixty-month sentence stemming from the revocation of her supervised release in criminal case 99-30-P-H. On February 21, 2006, Dorney filed this 28 U.S.C. § 2255 motion. In this motion Dorney asks the court to consider amending the way a portion of her sentence is served (Sec. 2255 Mem. at 1); she thinks that she will benefit from serving part of her sentence in home confinement.[1] Dorney represents that her projected release date, based on anticipated good conduct, is June 11, 2010.[2]

Not only is Dorney's 28 U.S.C. § 2255 motion clearly time-barred, see 28 U.S.C. § 2255 ¶ 6, her request for home confinement is not cognizable as a 28 U.S.C. § 2255 ground. See 28 U.S.C. § 2255 ¶ 1 ("A prisoner in custody under sentence of a court

---

[1] She "reminds" the Court that a major reason she received the sentence she did on her revocation was that she did not have written documentation of her past cocaine and heroin use and notes that she now can produce this proof.

[2] Dorney states that, although she is completing the 500-hour residential drug abuse program, she does not qualify for relief under 18 U.S.C. § 3621(e) because she was previously released five months early under that provision. (See Sec. 2255 Ex. B.)

Case 2:06-cv-00041-DBH   Document 5   Filed 02/23/06   Page 2 of 2   PageID #: 32

established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."); see also 18 U.S.C. § 3582(c); Fed. R. Civ. P. 35.[3]

Accordingly, I recommend that the Court summarily deny this 28 U.S.C. § 2255 motion pursuant to 4(b) of the Rules Governing Section 2255 Proceedings.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 23, 2005.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge

---

[3] Furthermore, this challenge to Dorney's sentence could have been asserted in a direct appeal; a 28 U.S.C. § 2255 motion may not be used as a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982).

2